ELIZABETH KLEE, Plaintiff, *v.* ANTHONY KLEE et al., Defendants.

(Supreme Court, Erie Equity Term, December, 1916.)

Judgments — release of lands from lien of — deeds — estoppel.

Simultaneously with the delivery by a judgment debtor's deed of conveyance of certain lands to his mother the judgment creditor delivered to her a release of all his rights, title and interest in said land with intent that they might be released and discharged from his judgment and from all liens and encumbrances that had attached by reason thereof and as free and clear in all respects as though the judgment had not been rendered, to have and to hold unto the grantee of the judgment debtor, her heirs and assigns forever, free, clear and discharged of and from all liens and claims under and by virtue of said judgment. .

*Held,* that though the word "heirs" was omitted from the granting clause the instrument operated to release the lands

from the lien of the judgment for all time and that the judgment creditor was estopped from claiming that he did not release the land as against the judgment debtor who afterwards acquired an interest therein as an heir of his mother.

ACTION in partition.

Killeen, Karl & Chapin, for plaintiff.

Joseph Roemhild, Jr., for defendants.

BROWN, J. On the death of Henry Klee the real estate described in the complaint descended to his children as his heirs at law subject to the inchoate right of dower of Margaret Klee his surviving widow. On November 10, 1910, such real estate was owned by such children as tenants in common, one of such children being Jacob Klee who owned one undivided seventh thereof subject to his mother's right of dower. On that day a judgment was duly entered and docketed in the Erie county clerk's office in favor of Anthony Weiss as administrator, etc., against Jacob Klee and Catherine his wife for $698.38, which judgment then became a lien upon the one undivided seventh of such real estate so owned by Jacob Klee, which judgment was on February 28, 1911, duly assigned to the defendant Roemhild. On November 28, 1911, Jacob Klee and Catherine Klee, his wife, executed and delivered to Margaret Klee a quitclaim deed of such real estate, and simultaneously with the execution and delivery of such deed the defendant Roemhild, in consideration of $200 paid him by Margaret Klee, executed and delivered to Margaret Klee a release of such real estate from such judgment, in which release it is recited that the " said judgment being a lien upon the lands and premises hereinafter described." By the instrument of release, in consideration of $200 paid defendant Roemhild by Margaret Klee, the said

defendant " does grant, release, discharge, set over unto " Margaret Klee the lands described in the complaint, " together with the hereditaments and appurtenances thereto belonging; and all the right, title and interest " of the defendant Roemhild " to the intent that the lands hereby conveyed may be released and discharged from the before mentioned judgment and from all liens or incumbrances that have attached to the same by reason thereof, and as free and clear in all respects as though said judgment had not been rendered.   To have and to hold the premises hereby released and conveyed to " the said Margaret Klee, " her heirs and assigns forever, free, clear and discharged of and from all liens and claims under and by virtue of the aforesaid judgment."

On November 30, 1911, the remaining heirs-at-law of Henry Klee, deceased, being the owners of six-sevenths thereof, duly conveyed to Margaret Klee all of their interest in such real estate, by virtue thereof, together with the deed from Jacob Klee and Catherine Klee, his wife, and the conveyance by the defendant Roemhild, Margaret Klee became seized in fee of the entire title free and clear from the lien of the Weiss or Roemhild judgment.

On December 18, 1913, Margaret Klee died intestate seized in fee of said premises, leaving seven children as her only heirs at law, one of these children being Jacob Klee the judgment debtor in the Weiss or Roemhild judgment.   Shortly thereafter the defendant Roemhild issued an execution upon the judgment above referred to and on the 14th day of December, 1915, the sheriff of Erie county executed and delivered to that defendant the usual sheriff's deed of all the right, title and interest of Jacob Klee in and to the premises described in the complaint, which he had on the 10th day of November, 1910, or which he had subsequently

acquired. In this action for partition and sale the plaintiff and the remaining children of Margaret Klee claim to be the owners of the entire fee of the premises, each seized of one undivided seventh thereof, free and clear of all claims or liens based upon the Weiss or Roemhild judgment, while the defendant Roemhild claims that his judgment immediately upon the death of Margaret Klee became a lien upon the one-seventh interest inherited by the judgment debtor, Jacob Klee, and that by virtue of the execution, sale and sheriff's deed he is now seized in fee of one undivided seventh of such real estate. The only testimony from which these conflicting claims can be determined is the release above referred to, a receipt given by the attorney for defendant Roemhild and a letter to Margaret Klee. The receipt reads:

" BUFFALO, N. Y., *November* 28, 1911.

" Received of Margaret Klee the sum of $275.00 to apply on release of premises Gorton Street from Jacob Klee judgment.

JAMES P. SCHAUS."

The letter reads:

" BUFFALO, N. Y., *January* 31, 1912.

" MRS. MARGARET KLEE,

" 78 Gorten Street, City:

" DEAR MADAM.— I enclose herewith two deeds and a release of judgment in connection with your recent matter.

" JAMES P. SCHAUS."

The claim of the defendant Roemhild is based upon the contention that his grant, conveyance and release of the real estate from the lien of the judgment was solely for and during the time that the real estate should be owned by Margaret Klee; that it was not a grant to Margaret Klee, " her heirs and assigns,"

these quoted words having been omitted; it was a grant to her personally and alone, expiring with her decease, and that the habendum clause " to have and to hold the premises hereby released and conveyed to the said party of the second part, her heirs and assigns forever, free, clear and discharged of and from all liens and claims under and by virtue of the aforesaid judgment," cannot be used to enlarge the grant and protect the premises from the lien accruing at the moment Jacob Klee acquired title by inheritance on the death of Margaret Klee.

The omission of the words " her heirs and assigns " from the granting words of the conveyance does not limit the grant to Margaret Klee; such omission does not create in Margaret Klee a simple life estate in the real estate as against the judgment. Section 240 of the Real Property Law provides that the word " heirs " is not requisite or necessary to create an estate in fee. It is, therefore, seen that that portion of the conveyance called the premises granted to Margaret Klee, her heirs and assigns forever an absolute title in fee, to the lands conveyed so far as such a title could be based upon the judgment. When the defendant Roemhild stated in the habendum clause of his conveyance that Margaret Klee, her heirs and assigns, was to have and to hold the premises forever free, clear and discharged of and from all liens and claims under and by virtue of his judgment he stated nothing inconsistent with or repugnant to the grant in fee, and the habendum clause must be given its full meaning and evident purpose. *Mott* v. *Richtmyer,* 57 N .Y. 63. The evident meaning of this clause is that the premises conveyed are forever freed, cleared and discharged from all existing, present, future, expectant, or possible claims and liens under and by virtue of the judgment. It is certain that Margaret Klee paid to the defendant

Roemhild the sum of $200 and that defendant Roemhild received these moneys to apply on release of Gorton street premises from Jacob Klee judgment; it is certain that defendant Roemhild by the release conveyed the Gorton Street premises to Margaret Klee, her heirs and assigns forever, free, clear and discharged of and from all liens and claims under and by virtue of the judgment against Jacob Klee. To hold that the release simply removed the lien of the judgment from the real estate during the time it should be owned by Margaret Klee, and that it should become a lien upon the real estate when it should be inherited by Jacob Klee, gives no expression whatever to the manifest intention of the parties. Such a holding would be unfair and unjust; no warrant can be found therefor upon the facts. The conclusion is very satisfactorily reached that all the parties intended that the real estate in question should be released from the lien of the judgment for all time, irrespective of its ownership. The language used by defendant Roemhild in his release is so expressive of his intention to covenant that the real estate was not and never could be subjected to a lien by virtue of his judgment, that the holding must be that he is estopped from claiming that he did not release the real estate as against Jacob Klee. The finding must be that Jacob Klee acquired title to one-seventh of the real estate by inheritance from his mother, Margaret Klee; the judgment of defendant Roemhild against Jacob Klee did not become a lien thereon on the acquiring of such title by Jacob Klee and that the defendant Roemhild has no interest therein by virtue of the judgment, execution, sale and sheriff's deed to him.

Judgment accordingly.